UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PERCY LAVAE BACON,<br><br>                  Petitioner,<br>v.<br><br>STATE OF NEVADA, et al.,<br><br>                  Respondents. | Case No. 2:17-cv-02207-JAD-PAL<br><br>**ORDER**<br>**- AND -**<br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Initiating Docs. – ECF No. 1) |

This matter is before the court on Petitioner Percy Lavae Bacon's Initiating Documents (ECF No. 1). This Document is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Bacon is a prisoner in the custody of the Nevada Department of Corrections. He is proceeding in this action *pro se*, meaning without an attorney. Bacon did not file a proposed complaint to initiate a new civil action or an application to proceed *in forma pauperis* without paying the standard filing fee. Instead, Bacon submitted a document titled a Motion for Leave to Conduct Pre-Filing Review (ECF No. 1-1). However, on at least three occasions, federal courts have dismissed civil actions that Bacon commenced while incarcerated as frivolous, malicious, or for failure to state a claim upon which any relief may be granted.[1]

Federal law provides that a prisoner may not proceed IFP if he has, on three (3) or more prior occasions, filed a federal action or appeal while incarcerated that was "dismissed on the

---

[1] *See In re: Percy Lavae Bacon*, Case No. 11-80155 (9th Cir. Aug. 15, 2011) (entering a pre-filing review order upon finding that Bacon repeatedly burdened the court with meritless litigation); *Bacon v. State of Nevada*, Case No. 2:10-cv-01451-KJD-LRL (D. Nev. Sept. 14, 2010) (dismissed by district court for failure to state a claim); *Bacon v. Laswell*, Case No. 2:09-cv-02058-PMP-PAL (D. Nev. July 27, 2010) (same), Case No. 10-16824 (9th Cir. Nov. 2, 2010) (appeal dismissed by Ninth Circuit as frivolous). The court takes judicial notice of its prior records in the above matters. Mr. Bacon has also been declared a vexatious litigant in Nevada's Eight Judicial District Court and the Nevada Supreme Court. *Bacon v. Laswell*, 238 P.3d 794 (Nev. 2008); *Bacon v. State*, 281 P.3d 1152 (Nev. 2009).

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Instead, the prisoner must pay the full $400 filing fee in advance unless he is "under imminent danger of serious physical injury." *Id.*

In his proposed Motion for Leave to Conduct Pre-Filing Review (ECF No. 1-1), Mr. Bacon claims that District Judge Kent J. Dawson erroneously denied a previous motion to reopen a petition for writ of habeas corpus under Rule 60(b) of the Federal Rules of Civil Procedure. Bacon seeks to amend his petition to allege a structural error during sentencing that he claims has never been addressed. The court finds that these allegations fail to plausibly allege that he is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing). The documents Bacon filed are insufficient to initiate a civil rights action in this court. Mr. Bacon may be seeking to reopen a prior civil rights or habeas corpus matter; however, he did not include a case number and the court is unable to determine which case he referred to in the proposed motion. Bacon has filed 20 separate civil rights actions in the District of Nevada as well as 10 habeas corpus proceedings. He must pre-pay the full $400 filing fee if he wishes to pursue whatever relief he is seeking in the paper filed with the court.

For these reasons,

**IT IS ORDERED:**

1. The Clerk of Court shall MAIL Petitioner Percy Lavae Bacon two copies of this Report of Findings and Recommendation. Bacon shall make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

2. The Clerk of Court shall retain Bacon's Initiating Document (ECF No. 1).

///
///
///
///
///

**IT IS RECOMMENDED** that:

1. This case be **DISMISSED** without prejudice unless Mr. Bacon pays the $400 filing fee in full within thirty (30) days of entry of this this Report of Findings and Recommendation.
2. The Clerk of Court be instructed to enter judgment accordingly.

Dated this 11th day of January 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

# NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.